IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PHYLLIS Y. BRAXTON,     :
             :
  Plaintiff,     :
             :
vs.          :
             :  CIVIL ACTION 12-0618-M
CAROLYN W. COLVIN,     :
Commission of Social Security,[1] :
             :
  Defendant.     :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was waived in this action (Doc. 19). Upon consideration of the administrative record and the memoranda of

---

[1]Carolyn W. Colvin became the Commissioner of Social Security on February 14, 2013. Pursuant to Fed.R.Civ.P. 25(d), Colvin is substituted for Michael J. Astrue as Defendant in this action. No further action needs to be taken as a result of this substitution. 42 U.S.C. § 405(g).

the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty-two years old, had completed a two-year college education (Tr. 85), and had previous work experience as a barber and stylist (Tr. 85).  In claiming benefits, Plaintiff alleges disability due to generalized arthralgia, obesity, legal blindness without correction, adjustment disorder, anxiety, and depression (Doc. 13 Fact Sheet).

The Plaintiff filed applications for disability insurance and SSI on August 5, 2010 (Tr. 63-74).  Benefits were denied by

an Administrative Law Judge (ALJ)[2] who determined that Braxton
had no severe impairments and, therefore, no significant limits
in her ability to work (Tr. 19-27).  Plaintiff requested review
of the hearing decision (Tr. 15) by the Appeals Council, but it
was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not
supported by substantial evidence.  Specifically, Braxton
alleges that:  (1) The ALJ improperly found that she had no
severe impairments; (2) the ALJ did not properly consider her
statements regarding her pain and limitations; and (3) the ALJ
did not develop a full and fair record (Doc. 13).  Defendant has
responded to—and denies—these claims (Doc. 14).  The relevant
medical evidence of record is as follows.

Records from the Mobile County Health Department show that,
on August 6, 2010, Braxton was seen by a CRNP with complaints of
generalized pain, fatigue, and hair loss for one month;
Plaintiff said that her pain was at a level of three on a ten-
point scale (Tr. 137-39; *see generally* Tr. 135-80).  A motor
exam demonstrated no dysfunction; no sensory exam abnormalities
were noted.  The CRNP noted that Braxton was in no acute
distress and assessed her condition to be a rheumatologic
disorder.  Four days later, an LPN's assessment was arthropathy

---

[2]On December 2, 2010, Plaintiff waived her right to personally
appear before the ALJ, stating that she was in constant pain and would
be unable to sit during the period of time required (Tr. 53).

(Tr. 137).  On August 31, Plaintiff said her pain was at one; the CRNP noted no dysfunction or abnormalities and, again, assessed the problem to be rheumatoid arthritis (Tr. 135-37). On September 2, Braxton received instructions for better nutrition and exercise to help her lose weight from a registered dietician (Tr. 135).

On October 21, 2010, Psychologist Jennifer L. Adams examined Braxton and noted that she was alert and oriented in all spheres; there were no loose associations, tangential or circumstantial thinking, or confusion (Tr. 181-84).  Judgment and insight were adequate; intelligence was thought to be average.  The Psychologist's assessment was adjustment disorder, with anxiety and depressed mood along with rheumatoid arthritis. Adams noted that Braxton's anxiety and mood symptoms were not in themselves disabling and that she was "able to understand and carry out and remember instructions.  She [was] also able to respond appropriately to supervision, co-workers, and handle job stressors" (Tr. 183).

On November 4, 2011, Dr. Henrietta T. Kovacs examined Plaintiff and noted that her corrected vision was 20/25 in both eyes and 20/20 together (Tr. 185-90).  The doctor noted that Braxton had no swelling, redness or tenderness in her upper extremities; grip and biceps strength was 4/5 while deltoid strength was 3/5.  There was no edema, varicosity, or ulcer in

the lower extremities.  Gait was normal; straight leg raising was negative at sixty-five degrees bilaterally.  Kovacs's impression was generalized arthralgia, but she noted that she did not believe Plaintiff had rheumatoid arthritis; she further noted hypertension, morbid obesity, and frequent nausea.  Dr. Kovacs completed a range of motion chart, noting some minor limitations in the cervical spine, but no limitations anywhere else (Tr. 189-90).

On November 30, 2010, a non-examiner psychologist reviewing the record evidence completed a Psychiatric Review Technique form in which it was indicated that Braxton suffered from an affective disorder (Tr. 192-205).  The non-examiner gave the opinion that Plaintiff had mild restriction of activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace (Tr. 202).  The non-examiner also completed a Mental Residual Functional Capacity Assessment which indicated that Braxton had no marked limitations but had the following limited moderations:  the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent

pace without an unreasonable number and length of rest periods; the ability to accept instructions and respond appropriately to criticism from supervisors; and the ability to respond appropriately to changes in the work setting (Tr. 206-09).

In his decision, the ALJ summarized the medical evidence, finding that although Braxton had impairments, none of them were severe (Tr. 19-27).  In reaching this decision, the ALJ discounted some of Dr. Kovacs's conclusions as unsupported by the objective evidence or inconsistent with other record evidence, while assigning substantial weight to other of her conclusions (Tr. 23-24).  Substantial weight was assigned to the opinion of Psychologist Adams (Tr. 24).

Braxton first claims that the ALJ improperly found that she had no severe impairments.  In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985);

6

*cf.* 20 C.F.R. § 404.1521(a) (2012).[3]  The Court of Appeals has
gone on to say that "[t]he 'severity' of a medically ascertained
disability must be measured in terms of its effect upon ability
to work, and not simply in terms of deviation from purely
medical standards of bodily perfection or normality." *McCruter
v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  It is also
noted that, under SSR 96-3p, "evidence about the functionally
limiting effects of an individual's impairment(s) must be
evaluated in order to assess the effect of the impairment(s) on
the individual's ability to do basic work activities."

     The ALJ specifically found that Braxton "does not have an
impairment or combination of impairments that has significantly
limited (or is expected to significantly limit) the ability to
perform basic work-related activities for 12 consecutive months"
(Tr. 25).  The medical evidence supports this conclusion.  There
is nothing in the records from the Mobile County Health
Department during the relevant period that support Plaintiff's
assertion that she has severe impairments; the ALJ correctly
noted that none of her medical complaints on the days of her
visits, following her asserted day of disability, required a
doctor's attention (*see* Tr. 23).  Furthermore, the range of
motions form completed by Dr. Kovacs demonstrate that Braxton

---

[3]"An impairment or combination of impairments is not severe if it
does not significantly limit your physical or mental ability to do
basic work activities."

had full use of all extremities and her back with some minimal limitations in the cervical spine and some minor strength limitations in her arms (*see* Tr. 189-90).  The Court finds that Plaintiff has not pointed to medical evidence in this record that demonstrates that her impairments are severe.  Her claim otherwise is without merit.

The Plaintiff next claims that the ALJ did not properly consider her statements regarding her pain and limitations.  The standard by which the Braxton's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence."  *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated*

8

*sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).
Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. 404.1529(a) (2012).

The Court notes again that Braxton waived her right to appear at the evidentiary hearing to testify of her impairments (Tr. 53). Nevertheless, the ALJ went through the record and summarized the evidence Plaintiff had provided concerning her abilities and limitations (Tr. 21, 25-26). The ALJ went on to note that Braxton had "not generally received the type of medical treatment one would expect for a totally disabled individual as the record reveals relatively infrequent trips to the doctor and no hospitalizations for the allegedly disabling symptoms" (Tr. 26). The ALJ went on to note that there was no evidence to show that Plaintiff had been denied treatment

because of her poverty.  The Court would further note that, in the Mobile County Health Department records, Braxton had indicated that her pain was only a one and three on a ten-point pain scale on two separate visits.  The Court finds no support for Plaintiff's claim that the ALJ did not properly consider her testimony of pain and limitation.

Finally, Braxton has asserted that the ALJ did not develop a full and fair record.  The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Braxton's only assertion of error with regard to this claim is that the ALJ's duty "includes ordering a consultative examination if one is needed to make an informed decision' (Doc. 13, p. 4).  The Court notes that the conclusions by Dr. Kovacs and Psychologist Adams were both the result of consultative examinations purchased by the Social Security Administration (*see* Tr. 184, 191).  The Court finds nothing in the record to indicate that the ALJ has not given the proper attention to Braxton's disability claim.  This claim is without merit.

Plaintiff has raised three different claims in bringing this action.  All are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED.**

DONE this 1st day of May, 2013.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE